# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRIS K. AGRAWAL, ) <br> GEO EXPLORATION, LLC ) <br> ENERGY PRODUCTION ) <br> SERVICES, LLC, ) <br> and COAL GAS USA, LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> CHRISTOPHER HOLLAND, ) <br> *et al.*, ) <br> ) <br> Defendants. ) | Case No.: CIV-18-866-D |

## **ORDER**

Plaintiff Kris Agrawal, appearing pro se and putatively on behalf of several entities, has filed a Complaint that brings a host of allegations against Defendants Christopher Holland, Oklahoma County District Judge Aletia Haynes Timmons, and Daniel Delluomo. The Complaint raises the same factual allegations against Defendant Holland as were the basis of Plaintiffs' claims in *Agrawal, et. al. v. Oklahoma Dept. of Labor, et al.*, Case No. CIV-16-0003 (W.D. Okla. 2016), and which were dismissed without prejudice for lack of subject matter jurisdiction. Order, CIV-16-0003-D [Doc. No. 12]; Judgment, Case No. CIV-16-0003 [Doc. No. 13]. The only new alleged facts involve Plaintiff's dissatisfaction with subsequent state court findings related to the same underlying allegations. The current Complaint purports to assert claims against Chris Holland, his attorney, and a state court

judge all of whom had some connection to proceedings to enforce the state court judgment at the center of Plaintiff's previous action before this Court.

## BACKGROUND

In *Agrawal v. Oklahoma Dep't of Labor, et al.*, Case No. CIV-16-003-D, Plaintiff alleged that:

> Christopher Holland filed a wage claim against Plaintiff GEO Exploration, LLC before the ODOL. During the proceedings before the Administrative Law Judge (ALJ), Plaintiffs allege that although the ALJ permitted Holland to present his case, it refused to allow Agrawal to testify, thereby depriving him of protections under the Fifth and Fourteenth Amendments to the U.S. Constitution. Second Amend. Compl. at 2-3. Plaintiffs also contend that, despite GEO's pending bankruptcy, the ALJ found Holland was owed unpaid wages and entered judgment in his favor against Agrawal. Plaintiffs allege this ruling violated the "automatic stay" provisions of the Bankruptcy Code (11 U.S.C. § 362) *Id*. at 3.
>
> Plaintiffs bring suit before this Court, alleging the judgment is void in light of the fact that (1) GEO was in bankruptcy, (2) Agrawal was not afforded an opportunity to be heard and defend his case, and (3) Agrawal was not Holland's "employer" for purposes of the wage statutes. *Id*. at 4.

Order at 1-2, *Agrawal v. Oklahoma Dep't of Labor, et al.*, Case No. CIV-16-003-D [Doc. No. 12]. This Court dismissed Plaintiff's action for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine and issued a judgment in favor of the defendants. *Id*. at 3-5.

In the present Complaint, Plaintiffs reassert all of the above facts, as well as additional facts as to Defendant Holland's ongoing efforts in state court to enforce and collect upon the judgment against Plaintiffs. These new allegations include facts indicating that Defendant Holland obtained various additional orders or judgments against Energy

2

Production Services, LLC, in state court to enforce the original judgment and filed garnishment actions against various entities.

While Plaintiffs' actual causes of action are unintelligible (as discussed below) and fail to provide sufficient notice to the parties, the prayer for relief is easily understood to repeat the basis of the previous action in this court, i.e., to obtain a declaration from the Court that Defendant Holland's state court judgment(s) are void.[1] Complaint at 15.

## I. Subject Matter Jurisdiction

Based on review of the current Complaint and the Second Amended Complaint dismissed in the proceedings previously before this the Court, the Court finds it lacks subject matter jurisdiction for the same reasons set out in its Order [Doc. No. 12] of December 15, 2016, in *Agrawal v. Oklahoma Dep't of Labor, et al.*, Case No. CIV-16-003-D.[2] Plaintiffs' Complaint is a request that this Court conduct appellate review of a state court judgment. As it did in the previous case before it, the Court finds that the *Rooker-Feldman* doctrine applies to the facts here.[3]

---

[1] It is not clear which judgment(s) Plaintiffs ask the Court to declare void. However, it is clear from allegations that only state court judgments are at issue and that all of those state court judgments are based on the Administrative Law Judge's award in favor of Defendant Holland.

[2] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

[3] Because the *Rooker-Feldman* doctrine involves subject matter jurisdiction, the court can raise it on its own. *In re Flanders*, 657 Fed.Appx. 808, 813 (10th Cir. 2016) (citing *PJ ex*

3

"Generally, the *Rooker-Feldman* doctrine precludes lower federal courts 'from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.'" *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (citing *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006)). "The narrow scope of the *Rooker-Feldman* doctrine. . . is 'confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id*. (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "If success on the claims alleged in federal court would necessarily require the federal court to review and reject the state court's judgment, *Rooker–Feldman* applies." *In re Kline*, 472 B.R. 98, 105 (B.A.P. 10th Cir. 2012), *aff'd*, *In re Kline*, 514 Fed. Appx. 810 (10th Cir. 2013). The doctrine applies to both claims that were brought and claims that could have been brought in the state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983).

The Tenth Circuit approaches jurisdictional questions under the *Rooker-Feldman* doctrine "by asking whether the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress, paying close attention to the relief sought in the federal suit." *Mo's Express*, 441 F.3d at 1237 (citing *Kenmen Eng'g v. City*

---

*rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (stating that the *Rooker-Feldman* doctrine involves subject-matter jurisdiction)).

*of Union*, 314 F.3d 468, 476 (10th Cir. 2002)). All of the injuries Plaintiffs allege ultimately relate to state court enforcement of an Administrative Law Judge's ("ALJ") award to Defendant Holland which was affirmed by the Oklahoma County District Court and, later, by the Oklahoma Supreme Court. *See Agrawal v. Oklahoma Dep't of Labor*, 2015 OK 67, 364 P.3d 618. Plaintiffs clearly articulate in the Complaint, if nothing else, dissatisfaction with the state court judgments affirming and enforcing the ALJ award. The prayer for relief is unambiguous in its request for a declaration that the state court judgment is void. Complaint at 15.

Plaintiff Agrawal has previously challenged the ALJ award and the affirming state court judgment before this Court. *See* Second Amended Complaint, *Agrawal v. Oklahoma Dep't of Labor, et al.*, Case No. CIV-16-003-D, [Doc. No. 7]. The Court also takes judicial notice of multiple underlying state court proceedings available on Westlaw and publicly accessible through http://www.oscn.net.[4] Review of those proceedings reveals Plaintiff Agrawal has made numerous and varied failed attempts in state court to avoid the ALJ award and affirming judgment. *See* CJ-2010-5749, *Agrawal, et al., v. Holland, et al.*; *Agrawal, et al., v. Holland, et al.*, CV-2010-1171; *Agrawal, et al., v. Holland, et. al.*, CJ-2016-2596, etc.

In all of the state court proceedings related to the ALJ award and enforcement thereof, Plaintiffs attempt to relitigate issues already determined by the Oklahoma Supreme

---

[4] *See United States v. Pursley*, 577 F.3d 1204, 1214 n. 6 (10th Cir. 2009) (exercising court's discretion "to take judicial notice of publicly-filed records in [the] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

5

Court. Now, Plaintiffs reassert them before this Court with additional allegations relating to subsequent state court proceedings related to the ALJ award. Plaintiffs' new allegations do not alter the application of the *Rooker-Feldman* doctrine. The foundation of all of Plaintiffs' claims is the ALJ award and affirming state court judgment against him. "If the decision of a state agency has been upheld by a state court, then the *Rooker-Feldman* doctrine applies, because a challenge to the agency's decision necessarily involves a challenge to the judgment of the state court." *Pretlow v. McPherson*, 497 F. App'x 846, 848 (10th Cir. 2012) (unpublished) (quoting *Narey v. Dean*, 32 F.3d 1521, 1525 (11th Cir. 1994)).

Upon examination of the Complaint, as a whole, and the prayer for relief, in particular, the Court finds that Plaintiffs' claims are "inextricably intertwined with a prior state-court judgment" and the ultimate goal is the review and rejection of the Oklahoma Supreme Court's decision affirming the ALJ's award of unpaid wages to Defendant Holland. *Wagner*, 603 F.3d at 1193 (citing *Mo's Express*, 441 F.3d at 1229. Accordingly, Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine and the Court finds the Complaint should be dismissed for lack of subject matter jurisdiction.

## II. Failure to Comply with Fed. R. Civ. P. 8(a).

Even if the Rooker-Feldman doctrine did not apply and the Court could perceive some subject matter jurisdiction in the asserted allegations, the Complaint would still be insufficient and require dismissal. The Complaint cites to exhibits which are not attached, fails to provide a sufficient short and plain statement of the grounds for the Court's jurisdiction, and fails to give "fair notice of what the . . . claim is and the grounds upon

which it rests," as required by Fed. R. Civ. P. 8(a). See *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Complaint is rambling, disjointed, and otherwise unintelligible such that its "true substance, if any is well disguised." *Mitchell v. City of Colo. Springs, Colo.*, 194 F. App'x 497, 498 (10th Cir. 2006) (unpublished) (affirming dismissal of complaint for being "verbose, prolix and virtually impossible to understand" and a "rambling, massive collection of facts . . . completely lacking in clarity and intelligibility"). The Complaint consists of material that was apparently cut and pasted from various documents of varying formats, includes random sections of legal argument, and is more a list of perceived wrongs than a statement of identifiable claims. Alleged facts are listed under purported counts without explanation or perceivable relevance and the remainder of the document consists of disjointed narratives. *Firewood v. New Mexico's Bernalillo County Metropolitan Detention Ctr.*, 583 F. App'x 875, 876 (10th Cir. Nov. 26, 2014) (unpublished) ("[e]ven though we must construe the pro se brief liberally . . . we can scarcely identify, much less evaluate, the 'appellant's contentions and the reasons for them.'").

The Court finds that "[n]one of [Plaintiffs'] allegations present[] 'a short and plain statement of the claim showing that the pleader is entitled to relief,' or states 'a claim upon which relief can be granted.'" *Firewood*, 583 Fed. Appx. at 876 (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff Agrawal, although pro se, is aware of the applicable pleading standards as the Amended Complaint in his previous proceeding before this Court was dismissed for the same reasons. *See* Order at 4-5, *Agrawal v. Oklahoma Dep't of Labor, et al.,* Case No. CIV-16-003-D [Doc. No. 5]. Plaintiff Agrawal was also reminded in that Order:

> that his pro se status does not excuse compliance with the Federal Rules of Civil Procedure, the Local Rules of this District, or the Court's Chambers Rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Under the Local Rules, parties who are not natural persons may not appear pro se. *See* LCvR 17.1. This prohibition naturally includes the corporate entities identified as plaintiffs in the Amended Complaint. *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court.") (citations omitted). These companies must be represented by an attorney in order to proceed as plaintiffs in this lawsuit.

*Id*. at 4. The Court notes that the corporate entities identified as plaintiffs in this action are not represented by an attorney as required and as Plaintiff Agrawal was previously informed.

## CONCLUSION

Plaintiffs' Complaint [Doc. No. 1] is hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction as set forth herein. *See Brereton v. Bountiful City Corp*., 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.") (citations omitted).

**IT IS FURTHER ORDERED** that should Plaintiff re-file this action or any other action based on the allegation that the ALJ award affirmed by the Oklahoma Supreme Court in *Agrawal v. Oklahoma Dept. of Labor*, 2015 OK 67, 364 P.3d 618 is void, he will

be ordered to show cause why he should not be subject to the imposition of filing restrictions pursuant to Fed. R. Civ. P. 11.[5]

**IT IS SO ORDERED** this 2nd day of November, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] The Court further notes that on August 27, 2018, in *Agrawal, et al., v. Holland, et al.*, CV-2010-1171, the Oklahoma County District Court sanctioned Plaintiff Agrawal pursuant to Okla. Stat. tit. 12 § 2011(C)(1)(b) for asserting essentially the same allegations in the Complaint presently before this Court. The court found, in part, that:

> The filings were presented for improper purposes, to harass, cause unnecessary delay, and needless increase in the cost of litigation.

Order, August 27, 2018, at 2-3. This Court is inclined to agree and will proceed accordingly pursuant to the Federal Rules of Civil Procedure should Plaintiff bring analogous claims before it in the future.