# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRIS K. AGRAWAL, GEO EXPLORATION, LLC ENERGY PRODUCTION SERVICES, LLC, and COAL GAS USA, LLC<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER HOLLAND, *et al.*,<br><br>    Defendants. | Case No.: CIV-18-866-D |

## ORDER

Before the Court is Plaintiff Kris Agrawal's Motion to Reconsider Due to Fraud Upon Court at Every Level [Doc. No. 9] seeking relief from this Court's Order [Doc. No. 8] of November 2, 2018, dismissing his Complaint [Doc. No. 1] *sua sponte* on the basis of lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and failure to comply with Fed. R. Civ. P. 8(a). Because Plaintiff appears *pro se*, the Court liberally construes his motion. *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). "[A] motion for reconsideration is appropriate where the court has

misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012; *see United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

Plaintiff has filed 257 pages of exhibits in support of his one-page motion. Although nine pages thereof purport to be a Brief in Support of Declaratory Judgment Against Chris Holland, Daniel Delluomo and Aletia Haynes Timmons to Resolve the Controversey Due to Fraud Commited by Chris Holland and His Accomplices or Which All Other Remedy in Law Have Been Exhausted or Thwarted [Doc. No. 9-3], it merely restates the allegations in Plaintiff's dismissed Complaint. This Brief in Support contains no citation of authority or legal argument to justify reconsideration of the Court's Order. Plaintiff fails to address the *Rooker-Feldman* doctrine or the Fed. R. Civ. P. 8(a) issues identified in the Court's Order dismissing his Complaint.

The remaining 248 pages of Plaintiff's exhibits consist of State court filings, orders and judgments, State agency determinations, and unexplained documents presumably in support of Plaintiff's allegations of fraud in the state court proceedings. These exhibits do nothing but support the Court's conclusion in its Order that Plaintiff is merely seeking impermissible appellate review by this Court of multiple state court proceedings related to an Administrative Law Judge's award and enforcement thereof. [Doc. No. 8] at 6. These exhibits also fail to address the Court's concerns pursuant to Fed. R. Civ. P. 8(a).

Plaintiff has presented no grounds that warrant reconsideration of the subject order and the Court finds his Motion to Reconsider [Doc. No. 9] should be **DENIED**.

**IT IS SO ORDERED** this 17th day of December 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE